FARMERS & MERCHANTS INSURANCE COMPANY v. JACOB PETERSON.

FILED APRIL 7, 1896.    No. 6474.

1. Insurance: TITLE OF INSURED: EVIDENCE. A policy of insurance is *prima facie* an admission, by the insurers, of the title of the insured to the property embraced in the policy. *Western Horse & Cattle Ins. Co. v. Scheidle*, 18 Neb., 495, followed.

2. ———: INCUMBRANCES: PLEADING. In an action on a policy of insurance, a breach of the contract thereof, such as incumbering the property, is a matter of defense to be pleaded and proved by the company, and it is not incumbent upon the insured to negative the fact in the first instance either in pleading or proof.

8. ———: ———: ———. The reply in this case *held* to admit that the provision for forfeiture of the insurance if the property should be incumbered was one of the stipulations of the contract of insurance, but that it did not admit the signing of the application alleged in the answer, nor the mortgaging of the property by the insured.

ERROR from the district court of Cuming county. Tried below before NORRIS, J.

*J. C. Crawford*, for plaintiff in error.

*A. R. Oleson* and *C. C. McNish*, contra.

HARRISON, J.

On the 8th day of October, 1892, the defendant in error commenced this action against the plaintiff in error in the district court of Cuming county to recover the sum of $1,250, alleged to be his due by reason of the destruction by fire of property of which he was the owner, and covering which and insuring him against such destruction he held a policy issued by plaintiff in error, hereinafter referred to as the "company." An answer and a reply were filed whereby issues were joined and a trial thereof had before the court and a jury. The defendant in error was sworn and testified. The issuance of the policy and the insurance thereby of the property had been established by the pleadings. During the time the defendant in error was testifying in his own behalf it was admitted on the part of the company that the premium, or consideration for the contract of insurance, had been paid by defendant in error; that of the property insured there had been destroyed by fire of date January 29, 1892, sufficient to aggregate in value $1,097; that due notice of the loss had been given and demand made for payment. It was proved that no payment had ever been made. At the close of his own testimony, with the facts as just indicated either admitted or proved, the defendant in error rested his case. For what further occurred at this stage of the proceedings we will quote from the record: "At this time the defendant moved that the case be dismissed for the reason that it is incumbent upon the plaintiff to prove, as alleged, that he has kept and performed his part of the agreement, which they haven't

attempted to prove.  Motion overruled, to which ruling defendant excepts.  Whereupon defendant rested.  At this time plaintiff asked the court to instruct the jury to return a verdict for plaintiff for the amount of $1,097 and interest from the 29th day of January, 1892.  At this time the defendant asked the court to instruct the jury that they cannot bring in a verdict for the plaintiff exceeding the amount defendant offered to admit, $190.63.  Instruction asked for by plaintiff given, to which instruction defendant excepts. Instructions asked for by defendant denied, to which ruling defendant excepts." The jury, in accordance with the instruction of the court, returned a verdict for plaintiff in the sum of $1,132.20, being the $1,097 and interest thereon, and after motion for new trial heard and overruled, judgment was rendered for such sum. The case is presented here by error proceedings in behalf of the company.

It is urged that the defendant in error did not prove his ownership of the insured property, either at the time of its insurance or of its destruction by fire.  On this point it may be said it has been held by this court: "A policy of insurance is *prima facie* an admission by the insurers of the title of the insured to the property embraced in the policy." (*Western Horse & Cattle Ins. Co. v. Scheidle,* 18 Neb., 495.)  In the text of the opinion in that case it was observed: "The mere fact of the contract of insurance being effected, should, we think, be enough *prima facie* to prove the ownership of the property.  If the contract was procured by fraud and such ownership did not exist, or if the insurance was simply a wager policy, it was proper matter of defense, and if

relied upon should be pleaded as a defense. The same may be said of the second objection, that it is not alleged that defendant in error was the owner of the horse at the time of his death."

It is insisted that the defendant in error, having pleaded in his petition that he kept and performed all and singular the conditions of the policy on his part to be kept and performed, and this allegation being denied in the answer of the company, it devolved on plaintiff in error to prove that there had been no breach of the condition of the policy by which it was stated that it was avoided if the property was mortgaged or incumbered while insured. This was a matter of defense, and it was for the company to allege it and prove it, and it was not the duty of the insured to, in the first instance, negative the fact that the property had been mortgaged, in either pleading or proof, or to prove it under the general allegations in respect to the conditions of the policy hereinbefore set forth. (*Butternut Mfg. Co. v. Manufacturers Mutual Fire Ins. Co.*, 47 N. W. Rep., [Wis.], 366; *Perine v. Grand Lodge A. O. U. W.*, 53 N. W. Rep. [Minn.], 367; *Price v. Phœnix Mutual Ins. Co.*, 17 Minn., 497; *Bank of River Falls v. German-American Ins. Co.*, 40 N. W. Rep. [Wis.], 506.)

For a thorough understanding of the further question discussed in the briefs it will be necessary to know fully certain allegations of the answer of the company and the reply thereto. In the answer it was alleged:

"This defendant, for further answer to plaintiff's petition, says that prior to the issuance of the policy of insurance to the plaintiff by this defendant the plaintiff made a written application for said insurance in which he stated that

none of said property was incumbered in any way, together with various other statements therein contained, a copy of which application is hereto attached and made a part hereof and marked exhibit 'A;' that relying upon the truth of the statements therein contained the defendant issued the policy insuring the property in said application described.

"8. That the said policy of insurance sued on in this action contains the following conditions: 'This insurance is based on the representations contained in the assured's application of even number herewith, on file in the company's office in Lincoln, Nebraska, each and every statement of which is hereby specifically made a warranty and a part hereof; and it is agreed that if any false statements are made in said application this policy shall be void   *   *   *   or if the property be or shall hereafter become mortgaged or incumbered; or upon commencement of foreclosure proceedings; or in case any change shall take place in the title, possession, or interest of the assured in the above mentioned property; or if this policy shall be assigned   *   *   *   then, in each and every one of the above cases, this policy shall be null and void;' that notwithstanding the representations made by the plaintiff in his application, on the faith of which said policy was issued, and notwithstanding the conditions contained in said policy, the plaintiff did not own the stock mentioned in said application and policy at the dates of said application and at the time the said property was insured by defendant, but had conveyed the same or a portion thereof by chattel mortgage to Jurgen Peterson on March 17, 1891; that, in violation of the conditions contained in

said policy of insurance, plaintiff conveyed the live stock described in said application and said policy of insurance to one Soren Amderson, of Thurston county, Nebraska, by chattel mortgage on the 1st day of October, 1891, and on the 21st day of July, 1891, plaintiff conveyed four of the horses described in said policy to the Beemer State Bank, whereby said policy became void and of no force or effect.

"9. Defendant for further answer says that the said plaintiff obtained the said policy of insurance by fraud and misrepresentation in that he represented that, at the time said application was made for said insurance, none of said property was incumbered in any way, whereas a large portion of said property was incumbered by chattel mortgage, and the statement of the said plaintiff that the same was not incumbered was false and was known to be false by the plaintiff at the time he made the same."

The reply was as follows:

"The plaintiff, for reply to the defendant's answer in the above entitled cause, denies each and every allegation of new matter therein set forth, except such matter and facts as are hereinafter expressly admitted.

"2. The plaintiff admits that he signed an application for insurance to the said defendant through their agent, W. H. Fleming, but that he signed such application for insurance upon the reliance placed in the representations of said W. H. Fleming; that the said agent did not read nor cause to be read, nor make known to this plaintiff, any of the interrogatories or representations in said application to this plaintiff, that said agent having the said plaintiff believe at the time he

signed such application that it was a matter of form; that the said plaintiff is unable to read the English language, and therefore could not inform himself as to the contents of said application and did not know the contents thereof; and that the said W. H. Fleming did not, at the time he delivered the policy of insurance to said plaintiff, make known any of the conditions therein, other than stating to said plaintiff that the fine print therein contained would not affect his insurance in any manner; and the plaintiff, being unable to read the same, relied on those representations and was wholly unacquainted with the contents thereof, except believing that the said W. H. Fleming truly represented the effect of said application and policy at the time the same were made and delivered."

It is contended for the company that the reply was in effect a plea in confession and avoidance, and that by it there was admitted the making of the application and its statements, also the requirements of the conditions of the policy quoted in the portion of the answer which we have set forth herein, and the further facts of the existence of the mortgage on the property at the time it was insured and the execution of the other mortgages covering it, or portions of it, as stated in the answer; that these facts being thus admitted, it established the defense in favor of the company, and hence it was error for the court to instruct the jury to return a verdict for defendant in error. Counsel for defendant in error strenuously insist that the reply is not and cannot be considered or construed as an admission to the extent it is claimed to be by counsel for the company, and in this connection attention is directed

to the statement in the reply in respect to the application, whereby it is said "The plaintiff admits that he signed an application," and it is argued that this was not an admission of the existence of the application pleaded in the answer; that by the use of the word "an" the pleader merely admitted the fact of signing an application without reference to any particular one or the one attached to the answer; that the denial, in the reply, of all new matter contained in the answer applied to the application therein included and the fact of its making, and the burden was upon the company to identify or prove the application pleaded in the answer to be the one signed by defendant in error. The ordinary meaning or force of the words employed in the reply was not to admit the signing of any special application, or the application set forth in and made a part of the answer, but to admit the signing of one or some application; and the fact of the making of the one constituting a part of the answer having been denied, it was for the company to prove it.

But there was pleaded in the answer a clause in the policy by which all rights under it were forfeited if the property insured was mortgaged or incumbered at any time during the existence of the policy, and in the reply matter was pleaded in avoidance of this condition. This clearly admitted it as one of the stipulations of the contract of insurance. Did the plea of avoidance in the reply also admit the mortgaging of the property? We do not think so. "Where the answer contains new matter, the plaintiff may reply to such new matter denying generally or specifically each allegation controverted by him; and he may allege, in ordinary and concise language, and without

repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer." (Code of Civil Procedure, sec. 109.) The plea of new matter in the reply, if a good plea (a question which was not raised or discussed in the briefs and which we will not discuss or determine), contained matter in avoidance of the operations of all the conditions of the contract of insurance printed in small type, and its effect was to admit the existence of the stipulations in all their requirements, but, as we view it, it did not extend further and necessarily admit the making of mortgages upon the insured property or breaches of any of the conditions. These facts were denied in the reply, and the issue thus raised was not one inconsistent with the admission of the existence of the conditions and their avoidance, and the defendant in error was entitled to have his denial of the giving of the mortgages stand, and rely upon it, and the company should have introduced proof of such traversed facts. Had the plea of avoidance in the reply, instead of being general, as it was, been a special one, and directed against the particular conditions pleaded in the answer, and applied the avoidance to the particular alleged breach, of mortgaging the insured property, in terms, then it would have been an admission of the facts relied upon as constituting the breach. The plea of avoidance, if good and sustained, would, it is true, have been as effectual against the condition providing for a forfeiture of the contract of insurance if a mortgage was given, as it would have been as to any other, but it was framed to apply generally, and its existence and force as a plea would not be inconsistent with the force or exist-

ence of the general denial of the execution of the mortgages, and the defendant in error could of right insist on both.

The conclusions herein reached are such as to show a condition of the issues in the case upon the pleadings and proofs before the trial court at the time it directed the verdict for defendant in error which warranted such direction, and the jugment must be

AFFIRMED.