HERBERT HAIRE, GUARDIAN, ETC., v. THE OHIO FARM-ERS' INSURANCE COMPANY.

*Fire insurance—Title to property—Knowledge of agent—Subsequent insurance.*

1. A widow insured a barn, belonging to the minor heirs of her deceased husband, in their favor, and signed the application in their behalf, they having no guardian, in which she stated that they owned the property in fee-simple, and that it was unincumbered.   The only claim against the property was the dower interest of the widow, of which the agent had full knowledge when he issued the policy and accepted the premium from her in behalf of the company, which knowledge is held to be that of the company, and binding upon it.

2. The subsequent insurance by the widow of her dower interest in the property in another company did not affect the validity of the policy issued to the heirs; citing *Carpenter v. Insurance Co.,*

93 MICH.—31.

61 Mich. 635; *Guest v. Insurance Co.*, 66 Id. 98; *Hall v. Insurance Co.*, 93 Id. 184.

Error to Kent.   (Adsit, J.)   Argued October 27, 1892. Decided November 18, 1892.

*Assumpsit.*   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*Butterfield & Keeney,* for appellant, contended:

1. It clearly appears from the testimony that the second policy was additional insurance, covering the same property. It was so intended by the widow when she took it, and was so treated by both parties, and paid as such, and came within the express provision of the policy as to other and additional insurance, and the taking of it avoided the policy; citing *Insurance Co. v. Fay,* 22 Mich. 471; *Insurance Co. v. Watson,* 23 Id. 487; *Insurance Co. v. Earle,* 33 Id. 143; *Insurance Co. v. Hurd,* 37 Id. 11; *Insurance Co. v. Kittle,* 39 Id. 51; *Kitchen v. Insurance Co.,* 57 Id. 140; *Robinson v. Fire Ass'n,* 63 Id. 90.

2. The second policy was not void, but simply voidable at the option of the company; citing *Carpenter v. Insurance Co.,* 16 Pet. 508; *Lackey v. Insurance Co.,* 42 Ga. 456; *Baer v. Insurance Co.,* 4 Bush, 246; *David v. Insurance Co.,* 13 Iowa, 69; *Mitchell v. Insurance Co.,* 51 Penn. St. 409; *Insurance Co. v. Replogle,* 114 Ind. 1; *Saville v. Insurance Co.,* 8 Mont. 419; *Turner v. Insurance Co.,* 16 Fed. Rep. 454; *Funke v. Insurance Ass'n,* 29 Minn. 347; *Bigler v. Insurance Co.,* 22 N. Y. 402; *Landers v. Insurance Co.,* 86 Id. 414; *Insurance Co. v. Goodall,* 35 N. H. 328; *Allen v. Insurance Co.,* 30 La. Ann. 1386; *Dafoe v. Insurance Co.,* 7 U. C. C. P. 55; *Manufacturing Co. v. Insurance Co.,* 11 U. C. Q. B. 516; *Pitney v. Insurance Co.,* 65 N. Y. 6; *Havens v. Insurance Co.,* 111 Ind. 90; *Insurance Co. v. McCrea,* 8 Lea, 531.

*T. J. O'Brien* and *J. H. Campbell,* for plaintiff.

DURAND, J.   On January 2, 1888, the defendant, in consideration of $15, charged as a premium, issued its policy of insurance to the heirs of the estate of Eugene Weatherwax, insuring them for three years against loss or damage by fire to the amount of $1,500, being $1,000 on

a dwelling-house and $500 on a barn, situated on property which was owned by Eugene Weatherwax at the time of his death. He died intestate, and at the time of his death he left surviving him as his sole heirs his two children, Don E. and Jessie E. Weatherwax, then infants of tender years, to whom the insured property descended, subject to the dower interest of his widow, Mary E. Weatherwax. The widow, with the advice and assistance of relatives, among whom was the uncle of the children, J. Weatherwax, looked after the children and their estate as any prudent and loving mother would do. The J. Weatherwax referred to was the agent of the defendant company at the time the policy was issued. He knew the exact condition of the title, and that the two children spoken of as heirs of Eugene Weatherwax were the owners of the fee of the property, and that the widow, who was their mother, owned a dower interest therein. At that time these infants had no legally appointed guardian, and the application for the insurance in their behalf was signed by the mother, under the advice and direction of J. Weatherwax, the agent of the defendant company.

In September, 1890, Mary E. Weatherwax, by the advice and direction of a Mr. Hall, who was her uncle, and knew about the title and condition of the property, and who was at the time an agent of the Rochester German Insurance Company, obtained an insurance to herself on the property above referred to, and upon other personal property belonging to her, for an amount not exceeding $2,200, and not exceeding the interest of the insured in the property covered by the policy.

On November 4, 1890, the barn burned. The agent of the Rochester German Insurance Company, upon hearing of the loss, went to the house of Mrs. Weatherwax, and told her that he did not think his company was obliged to pay anything on its policy, but he was a friend of hers,

and wanted no trouble, and he would return her the premium, and pay $350, if she would accept it, and cancel the policy issued by the Rochester German Insurance Company. This she consented to do, and the matter, so far as that company was concerned, was then and there ended.

Proofs of loss in behalf of the heirs of Eugene Weatherwax were made and presented to the defendant company, and it declined to pay the loss. Herbert Haire was then duly appointed the legal guardian of the infant heirs, Don. E. and Jessie E. Weatherwax, and this suit was brought by him, as such guardian, to recover against the defendant company on the policy first referred to for the loss sustained.

The defendant contends that the policy in suit is void, because in the application signed by Mary E. Weatherwax she stated that the heirs of Eugene Weatherwax owned the property in fee-simple, and that it was unincumbered, when in truth and in fact she, as widow, held a dower interest in it; and also that because she stated in the proofs of loss that the subsequent insurance in the Rochester German Insurance Company was on her dower interest, and that she had not procured any insurance upon the heirs' interest in the property subsequent to the one issued by the defendant company, the policy is forfeited under a clause contained in it, which provides that—

"Any misrepresentation, concealment, or false swearing in any statement or affidavit in relation to loss or damage shall cause a forfeiture of all claims under this policy."

No suspicious circumstances were developed in relation to the fire, or what caused it, and no claim that it was not a *bona fide* loss was made; nor was there any contention that the loss on the barn did not equal or exceed the amount for which it was insured. Under these facts the circuit judge directed the jury to find a verdict for the

plaintiff for the amount of the loss on the barn as expressed in the policy, amounting, with interest, to the sum of $524.33. The defendant claims error.

We think the circuit judge was right. The heirs of Eugene Weatherwax, to whom this policy was issued, were the owners of the fee. There was no incumbrance upon the property. The only claim against it was the dower interest which the widow held in it, and of which the agent of the defendant company had full knowledge at the time he issued the policy and accepted the premium from her in behalf of the defendant. His knowledge must be considered as the knowledge of the company, and binding upon it; and it would be a gross injustice to permit the defendant, under such circumstances, to take the money of the insured, giving them to understand that the insurance is valid, and, when a loss occurs, repudiate the contract because of a technical variance from its conditions, but of which it, by its agent, had full knowledge; especially while at the same time it retains the money paid to it for a supposedly valid insurance. Such a rule would be unsafe and inequitable, and would enable the defendant to consider the contract good in so far as it contributes to its advantage, and to repudiate it when a loss occurs.

Neither do we think the policy of the Rochester German Insurance Company to Mary E. Weatherwax avoids the policy in suit. It was not a policy to the heirs of Eugene Weatherwax, and, so far as appears, they had no knowledge of it, and, if they had, it would not have deprived them of their rights under this policy. They could not prevent her from obtaining insurance upon her dower interest in this property. She had a right to do so if she chose, and it must be held as well-settled law that, in order to assert a forfeiture of this first policy, the second policy must have been made to the same persons mentioned

in the first policy, and on the same interest in the same property. 7 Amer. & Eng. Enc. Law, 1015; *Carpenter v. Insurance Co.,* 61 Mich. 635; *Guest v. Insurance Co.,* 66 Id. 98; *Hall v. Insurance Co.,* 93 Id. 184.

This must dispose of the case in favor of the plaintiff. Some points were raised upon the trial in reference to the admission of certain testimony offered, but as, under the view we have taken, they are immaterial, they will not be noticed.

The judgment of the circuit court will be affirmed, with costs of this Court.

The other Justices concurred.