PETER LENAGH ET AL., APPELLEES, V. COMMERCIAL UNION ASSURANCE COMPANY, APPELLANT.

FILED DECEMBER 7, 1906.  No. 14,507.

1. **Insurance: HOUSEHOLD FURNITURE.** Husband and wife have each and both a pecuniary and insurable interest in all articles comprised in the furniture of their household, or which are necessary or convenient and actually in use in the maintenance of their domestic relation, regardless of whose money paid for them, or by what means or from what sources they were obtained.

2. ———: **ASSIGNMENT: RIGHTS OF INSURED.** When an insurance company consents in writing to an assignment of a policy of fire insurance without restriction or limitation with reference to the purposes of the assignment or the extent of the interest assigned, which is in fact, as between the parties, less than the absolute or entire interest or rights of the insured under the contract, and when, after a loss has occurred, but ·before payment has been made, the rights and interests of the insured are brought to the knowledge of the company, they cannot be defeated or impaired by a compromise and settlement and attempted satisfaction between the latter and the assignee without the consent of the insured.

3. ———: **DESIGNATION OF INSURED.** When there is no fraud, accident or mistake as to the description or ownership of property, or articles intended to be covered by a fire insurance policy, and the person intended to be insured and who pays the premium is in fact the owner of the same, or has an insurable interest therein, it is immaterial by what name he is designated in the policy.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Greene, Breckenridge & Kinsler,* for appellant.

*Lambert & Winters, contra.*

AMES, C.

The plaintiffs, Peter Lenagh and Bridget, his wife, were in possession of a dwelling house, and of certain household furniture situated therein, in the city of Omaha. Who owned the building or whether it was used for any

other purpose than that of a dwelling, we do not know, and is perhaps immaterial. The ultimate ownership of a part of the furniture was, as was testified upon the trial, in the husband, and a part in the wife, and of some minor articles in the children of the family. The property, as is stated in the brief of counsel for the defendant, "consisted of beds, bedding, a carpet, three pairs of shoes, two suits of clothes, two or three dresses belonging to Mrs. Lenagh, three trunks, a fiddle, a sewing machine, 'the kids' clothes, a shotgun, two writing desks, dishes and crockery, some pictures, two stoves and a safe," some of which had been bought with money of the husband, and some with that of the wife.

In 1902, articles of incorporation were prepared and subscribed and filed with the county clerk for an institution to be named the "Star Coal Company," but the instrument was never filed elsewhere, and no capital stock was ever subscribed or paid in, and no certificates of capital ever issued or executed, nor any attempt made at organization, but Lenagh and his wife carried on a business in the proposed corporate name, and in December of that year procured by that name a policy from the defendant insuring the building in the sum of $1,000, and the furniture in the sum of $250, against loss or damage by fire. It is not pretended that there was in this transaction any fraud or mistake, or any unlawful intent, or any misdescription or ignorance by either party of the property intended to be covered by the contract of insurance, for which the plaintiffs, or one of them, paid the stipulated premium. Former decisions of this court appear to us to have put the validity of this policy beyond the region of controversy. *Cook v. Westchester Fire Ins. Co.,* 60 Neb. 127; *Farmers & Merchants Ins. Co. v. Mickel,* 72 Neb. 122. Its validity is attempted to be disputed with respect to the personal property only, solely on the ground of the alleged separate and individual ownership of parts of the latter, in consequence of which it is contended that neither the husband nor wife had an insurable interest

in all of it, and the policy stipulated that it should be void if the insured was not the sole and absolute owner of the property covered by it.   There is reason and authority for holding that this defense, if otherwise sufficient, was waived by failure to plead it.   *Farmers & Merchants Ins. Co. v. Peterson,* 47 Neb. 747.   But we are quite clearly of opinion that if it had been pleaded it would have been unavailing.   In an overwhelming majority of cases the separate ownership in members of a family of articles comprised in the furniture of a household is a pleasing fiction rather than a reality and the presence of it is a concession to sentiment rather than a representation of fact.   To our minds the assertion that husband and wife have not each and both separately and jointly a pecuniary and insurable interest in all such articles, regardless of whose money paid for them, and from what sources or by what means they were obtained, as are necessary or convenient and actually in use in the maintenance of the domestic relation, is palpably absurd.   It can only be at or after the dissolution of the family, or when an attempt has been made to transfer or incumber the property, or some of it, that the question of separate ownership or right of possession can have any practical significance.   The family is a unit, and those articles of personalty which it possesses, and which are necessary or convenient for the maintenance of the domestic relation, are in a very real, though perhaps not in an absolute sense the property of the institution so long as the latter continues to exist.   The fact that the policy named the nonexistent Star Coal Company as the insured is plainly of no significance.   It was merely a trade or fictitious name of the parties owning the property and paying the premium, and of none other, and was the occasion of no mistake or injury.

After the issuance of the policy the plaintiff conveyed the building by an instrument in form a deed, but intended as a mortgage, to secure the payment of a debt to one Moriarity and thereupon, with the written consent of

the company, and in compliance with the terms of the policy, assigned the same by the execution of a blank form, printed on the back of it, to the grantee. The assignment was executed in form as by the "Star Coal Company," by "Peter Lenagh, President," and the consent was given to the "Star Coal Company as owner of the property covered by the policy," and the instrument was delivered to the assignee. Afterwards, and during the life of the policy, the building and contents were destroyed by fire. Shortly thereafter the company paid to Moriarity $1,000, the amount of the insurance on the house, and received from him a receipt: "In full compromise and settlement of all claims and for loss and damage by fire on the 5th day of September, 1904, to property insured under (the policy), and the said policy is hereby canceled and surrendered." It is entirely clear that Moriarity never had any title, lien or interest to, in or upon the personal property, and that his proof of loss was intended to cover and did cover the amount of loss and insurance upon the building only, and that these facts were known to the company at the time of the payment to him and of the execution of the above mentioned receipt. Before that time the plaintiffs had made proof and demanded payment of loss on account of the destruction of the furniture, and the company was fully aware that the assignment to Moriarity was not absolute, but by way of collateral to the mortgage security and indebtedness to the latter. This is an action in equity to reform the assignment so as to show that it was intended by way of security, and not absolute, and to recover for the loss of the personal property. There was a judgment for the plaintiffs from which the defendant appeals.

The defendant contends that there is insufficient ground for the reformation of the assignment because there is no allegation of fraud or of mutual mistake, and because Moriarity, one of the parties to the assignment, is not a party to the action. We think the objection is immaterial, because there is no necessity for the reformation in

question. The assignment, though absolute in form, was intended by the parties to it as security for the payment of a debt, and, as is the case with all such transactions, is treated by the court as having taken effect according to such intent, and not otherwise. The company has no cause for complaint. It has not been misled to its prejudice, and neither the policy nor the assignment contained any restriction as to the purpose or purposes for which the latter could be made, and the company consented without any inquiry in that regard. It is not contended, nor could it be successfully, that the assignment was void and by consequence the policy forfeited and annulled because of the purpose for which the former was made, but, if it is valid, it is so according to the intent of the parties. The court cannot, certainly, make a contract for them which they did not intend or attempt to make for themselves. A case identical with this, in essential particulars, is *Merrill v. Colonial Mutual Fire Ins. Co.*, 169 Mass. 10, in which the same conclusion here reached is fortified by reason and authority not necessary now to be reiterated, but which we adopt as our own.

It follows as a matter of course that Moriarity was without power to compromise, settle or discharge the obligation arising under the policy beyond the extent of his own interest therein, and that the company having had, before the settlement was made, knowledge of the extent of that interest and of the rights of the plaintiffs in the premises, was equally as powerless as was the assignee to prejudice the latter by the transaction.

We are of opinion, therefore, that the judgment of the district court is right and recommend that it be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.