L. G. WISDOM et al., Appellees, v. FARM PROPERTY MUTUAL IN-
SURANCE ASSOCIATION OF IOWA, Appellant.

**ESTOPPEL:** Pleading—Sufficiency. Pleading reviewed, and held suf-
ficient as a plea of estoppel.

**INSURANCE:** Insurable Interest—Homestead Property. A husband
has an insurable interest in the joint homestead property of him-
self and his wife, and in that sense is an "owner" of the property,
even though the legal title is in the wife.    •

**INSURANCE:** Estoppel, Waiver, Etc.—Title and Incumbrance. An in-
surer is estopped to base invalidity of a policy on incorrect state-
ments in the application concerning the ownership of the property,
or on the absence of statements relative to incumbrances, when the
facts relative to such matters were, prior to the issuance of the
policy, fully and truthfully imparted by the insured to the soliciting
agent of the insurer.

**INSURANCE:** Evidence—Schedule of Loss—Harmless Error. A sched-
ule of the items of alleged household goods claimed to have been
lost by fire is properly receivable in evidence, even though the list
does contain some inconsequential items not properly classifiable as
"household" goods,—no specific objection being leveled at said
latter items.

·Headnote 1:  26 C. J. p. 496.  Headnote 2:  26 C. J. p. 36.  Headnote
3:  26 C. J. pp. 297, 310, 311.  Headnote 4:  3 C. J. p. 819.

*Appeal from Davis District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 10, 1925.

ACTION upon a policy of fire insurance, to recover for the
loss of a dwelling house and contents. Verdict and judgment for
plaintiff.  Defendant appeals.—*Affirmed.*

*George Wambach* and *Theo. P. Bence,* for appellant.

*Payne & Goodson,* for appellees.

STEVENS, J.—This is an action against the Farm Property
Mutual Insurance Association of Iowa, appellant, upon a policy

of fire insurance issued to L. G. Wisdom, for the loss of a dwelling house and household goods contained therein. The jury returned a verdict for appellee, and the defendant appeals from a judgment entered thereon.

The facts, so far as material, are as follows: On or about June 15, 1921, appellee in writing applied to appellant for membership in the appellant association, and for insurance upon a barn then in process of construction, and other, buildings located upon an 80-acre tract of land, the title to which stood in the name of his wife, Clara L. Wisdom. In due course, a policy was issued. Later, separate applications were signed by appellee for additional insurance upon the dwelling house situated on said premises, and upon household goods contained therein. The additional insurance was evidenced by riders attached to the original policy, which referred thereto, and noted the total amount of insurance covered by the policy. On or about February 20, 1922, the dwelling and contents were destroyed by fire.

Numerous defenses were interposed by appellant, principal among which were: (a) That the insured falsely represented the title to the property; and (b) that he caused an additional incumbrance to be placed thereon, without the permission, knowledge, or consent of appellant; and that, by reason thereof, the policy was invalidated. These, with alleged errors occurring on the trial of the cause, constitute the propositions relied upon by appellant for reversal.

It is conceded by appellee that the title to the 80-acre tract was in Clara L. Wisdom, his wife, who was made a party plaintiff in this action, but who was dismissed as a party by the court, upon motion of appellant. At the time the policy and riders for the additional insurance were issued, the appellee and his family occupied the dwelling and premises as a homestead. When the original application for insurance was signed, the premises were incumbered by a mortgage for $8,000. Sometime subsequent to the execution and delivery of the original policy, but prior to the signing of the applications for additional insurance, appellee placed another mortgage for something in excess of $4,000 upon the premises. It is conceded that no permission

was asked of appellant to do this, nor was it promptly notified thereof.

The answer of appellant set up various provisions of its by-laws, based upon which it is alleged that, because of misrepresentations of appellee as to the title to the property, the policy was void from the beginning; and that both the policy and the additional insurance were invalidated by the failure of appellee to inform appellant of the additional incumbrance placed upon the property, and to secure its consent thereto.

Appellee, in reply to these allegations of the answer, alleged that he fully and truthfully informed the appellant's agent, who took the application for the original and also the additional insurance, as to the title, and also as to the additional incumbrance placed upon the property; and that, if the application does not state the facts in relation thereto, it is because the agent did not correctly write down the answer to the questions. The application for additional insurance did not call for information as to additional incumbrance upon the property; but appellee testified that he fully informed appellant's agent of the additional mortgage, at the time each of the applications was signed. There is no controversy as to the incumbrance of $8,000, as that is referred to in the original application.

I. We do not understand appellant to contend that it may not waive the provisions of the by-laws relied upon as defenses to the action, or that, if the agent who solicited the application was fully and truthfully informed of the facts concerning the title and the additional incumbrance placed upon the property, a plea of estoppel would not be available to appellee. The appellant's contention, as we understand it, is that no estoppel was pleaded, and that the evidence as to the information imparted to the agent was not, for that reason, admissible. It may be conceded that appellee's reply and amendment thereto to appellant's answer are somewhat incomplete; but the facts as claimed by him are fully set out therein; and in the original pleading it is stated that ''defendant cannot now deny its liability under said policy;'' and in the amendment it is further alleged that appellant ''did thereby waive its right to take advantage of the fact that an additional mortgage was placed on said premises,

1. ESTOPPEL: pleading: sufficiency.

and the defendant is now barred and estopped from taking advantage of the fact of the additional incumbrance placed on said real estate.'' We think that the pleading sufficiently pleads both waiver and estoppel, and that, therefore, even upon appellant's theory, the testimony was admissible.

II.   It is conceded, as stated above, that the title to the premises upon which the buildings were located was in the name of Clara L. Wisdom; but it is also shown that the property was occupied by appellee as a homestead. The association insured only the property of members. We have repeatedly held that, where the property is occupied by the insured as a homestead, the title to which is in his wife, he has an insurable interest therein. *Merrett v. Farmers' Ins. Co.*, 42 Iowa 11; *Reynolds v. Iowa & Nebraska Ins. Co.*, 80 Iowa 563; *Funk v. Anchor Fire Ins. Co.*, 171 Iowa 331. This being true, for the purpose of obtaining insurance it was the property of appellee. The court so instructed the jury.

2. INSURANCE: insurable interest: homestead property.

III.   Appellee was not, however, by reason of the homestead character of the property the sole and absolute owner thereof. The agent who procured the applications was, at the time of the trial, deceased. The testimony of appellee that he correctly and truthfully informed the agent as to the title and additional incumbrance upon the land, before the original policy was written or the riders attached thereto, is not disputed. Under the provisions of Sections 1749 and 1750 of the Code, 1897, appellant was charged with notice of all material facts stated by the insured to the agent at the time the application was signed; and no advantage can be taken of the failure of such agent to correctly fill in the answers to the questions, or to inform the association thereof. If the testimony of appellee was believed by the jury, then a clear waiver or estoppel was established, and the policy was not rendered invalid, as claimed by appellant. This rule is familiar and well established in this state. *Funk v. Anchor Fire Ins. Co.*, supra; *Norem v. Iowa Imp. Mut. Ins. Assn.*, 196 Iowa 983; *Dodge v. Grain Shippers' Mut. Fire Ins. Co.*, 176 Iowa 316.

3. INSURANCE: estoppel, waiver, etc.: title and incumbrance.

The information as to the title and the additional incum-

brance was imparted to appellant's agent in due time, and as a part of the transaction which the agent was authorized to conduct for appellant. The finding of the jury upon this point is conclusive. The contention of counsel that the soliciting agent was without authority to waive the provisions of the by-laws may be conceded,. and what he may have said to appellee respecting the title is not material. Notice of the facts imparted by appellee to the agent was imputed to appellant, and is, by reason of that fact, binding thereon.

IV. Appellee introduced a long itemized list of the furniture, clothing, and other personal property destroyed by the fire. This list covers approximately eight pages of the abstract, and, it may be conceded, contains some small articles that cannot properly be classified as household goods. Error in the admission of this itemized list is urged by appellant. The record does not disclose that the court's attention was called to any of the specific items to which objection is made; and it cannot be presumed, from the objection interposed to its introduction in evidence, that the court examined the document. The objection was upon the specific grounds that there was no showing that the items appearing on the exhibit were goods owned by the insured or that they were covered by the policy, and that the same was not the best evidence as to the contents of the dwelling. It was proper for appellee to introduce in evidence an itemized list of the personal property insured, and it appeared from the testimony that the list in question was complete, and included all of the personal property claimed to have been destroyed by the fire. The objection was properly overruled, and the point was raised in no other way during the trial, or called to the attention of the court.

*4. INSURANCE: evidence: schedule of loss: harmless error.*

Other rulings of the court on the admission of testimony are complained of by appellant; but, as we view them, they are without merit, and need not be discussed.

V. Several instructions were requested by appellant and refused by the court. Notwithstanding that no proper exceptions were preserved to the ruling of the court refusing to give these instructions, we have examined the same, and are of the

opinion that, so far as they correctly stated the law, the substance thereof was incorporated in the charge of the court.

Exceptions were also taken, in the motion for a new trial, to the fifth, seventh, and ninth instructions. In the fifth instruction, the court stated to the jury that it was established by the evidence, or conceded by appellant, that a policy of insurance and the two riders evidencing additional insurance were issued and delivered to appellee, and that the dwelling and contents were substantially destroyed by fire. The instruction is in harmony with the record, and the exception taken thereto is without merit.

The seventh instruction is, perhaps, to some extent open to the complaint lodged against it. In this instruction the court advised the jury that, as the property was the homestead of appellee, he had an insurable interest therein; but did not in terms further advise the jury that the alleged false representations as to the title might be considered by the jury. That point is fully covered by Paragraphs 9 and 10 of the charge, which must be construed as a whole. The jury could not have been misled by the omission, if any, complained of. The complaint of the ninth instruction is hypercritical and without merit.

Some claim is also made that the verdict is excessive; but we think this claim also without merit.

The remaining propositions relied upon for reversal relate largely to rulings of the court upon objections to the admission of evidence. We have read the record with care, and find no prejudicial error in these rulings.

It is our conclusion that the rights of appellant were fully protected by the court below, and that no reversible error appears in the record. The judgment is—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.