## WELTHA BASA v. PIERZ FARMERS MUTUAL FIRE INSURANCE COMPANY.[1]

October 18, 1929.

No. 27,321.

[1]Reported in 227 N. W. 39.

*C. Rosenmeier,* for appellant.

*Archie L. Gennow* and *W. C. Doane,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying its alternative motion for judgment non obstante or a new trial.

Plaintiff and her husband, William Basa, lived on a farm in Morrison county. The portion with the buildings was their homestead. It was acquired by joint funds. The title was in plaintiff's name. On April 20, 1925, defendant issued a policy to plaintiff, which, by modification, insured her against loss by fire in the sum of $1,000 on the dwelling and $400 on the contents thereof, which were jointly owned by plaintiff and her husband. The policy, through its by-laws, provided that additional insurance in another company, without the written consent of the defendant, would make its insurance void.

On March 1, 1927, the Columbia Fire Underwriters Company issued its policy to the husband, William Basa, for $500 on the same dwelling house and $500 on the contents thereof.

On April 26, 1927, while both policies were by their terms in force, a fire destroyed the dwelling house and its contents. Defendant was promptly notified. It investigated the fire and loss. On May 3, 1927, defendant's board of directors met and decided to pay plaintiff the full amount of its policy. It took the usual 60 days. An assessment was made to cover the loss. The assessment was levied upon plaintiff, and she paid her assessment of $4.80 to pay her share of her loss. Thereafter defendant learned of the other insurance and refused to pay the loss. The answer pleads other insurance and incendiarism. Plaintiff was given a verdict for $1,400.

■ The husband disclosed to the agent of the Columbia company the existence of plaintiff's insurance and sought a policy on his own interest. The policy was issued to him. It was written as if he owned the property. Does it violate the terms of plaintiff's policy prohibiting other insurance? To constitute a violation of a policy prohibition against additional insurance the additional insurance must be upon the same property and upon the same interest therein. 26 C. J. p. 263, § 329; p. 264, § 330. It follows that owners of different interests in the same property may insure their interests. It is not necessary, as stated in Banner Laundry Co. v. Great Eastern Cas. Co. 148 Minn. 29, 180 N. W. 997, that the insured have an absolute right of property, but that he has an insurable interest, if by the destruction of the property, he suffers a loss. A husband has an insurable interest in a homestead title to which is held by his wife with whom he is living. Wisdom v. Farm Property Mut. Ins. Assn. 199 Iowa, 408, 202 N. W. 4; Haire v. Ohio Farmers Ins. Co. 93 Mich. 481, 53 N. W. 623, 32 A. S. R. 516; Kludt v. German Mut. F. Ins. Co. 152 Wis. 637, 140 N. W. 321, 45 L.R.A.(N.S.) 1131, Ann. Cas. 1914C, 609; 14 R. C. L. p. 917, § 94; Tyree v. Virginia F. & M. Ins. Co. 55 W. Va. 63, 46 S. E. 706, 66 L. R. A. 657, 104 A. S. R. 983; Horsch v. Dwelling House Ins. Co. 77 Wis. 4, 45

N. W. 945, 8 L. R. A. 806; 26 C. J. p. 35, § 21. See also Anno. L. R. A. 1918A, 793; Collins v. St. Paul F. & M. Ins. Co. 44 Minn. 440, 46 N. W. 906; Church of St. George v. Sun Fire Office Ins. Co. 54 Minn. 162, 55 N. W. 909. This rule rests upon the basis that the spouse has a pecuniary or beneficial interest and would suffer a disadvantage from its loss.

■ The husband and wife have each an insurable interest in all the household furniture used in the home regardless of how the title was acquired or who may be the separate owner thereof for other purposes. Lenagh v. Commercial U. A. Co. 77 Neb. 649, 110 N. W. 740; Jones v. Am. Eagle Ins. Co. 91 Fla. 565, 108 So. 165. It follows that defendant was not entitled to a directed verdict nor for judgment non obstante.

■ The court submitted to the jury the defense of incendiarism and the alleged waiver thereof. The latter is assigned as error. We have examined the record and have reached the conclusion that the evidence would not support a finding of incendiarism. Hence the submission of the question of waiver is not important and does not call for any discussion. For the same reason other questions raised drop out of the case. The claim that the charge to the jury is argumentative cannot be sustained.

■ In the instructions to the jury the court stated that additional insurance upon the same interest in property would avoid the policy. It was also stated:

(a) "Now, a husband does have an insurable interest in the home and in the household goods even though they stand in the name of the wife. There is no doubt about that. But it is claimed by the company that it was not taken out with that purpose in mind at all, it was taken out to give Mrs. Basa more insurance. The fact that it was taken in William Basa's name they claim is just camouflage, that is, just an attempt to deceive, that the real person who wanted that insurance was Mrs. Basa, that she and her husband in other words conspired together to deceive this company by taking out this additional insurance in his name when in fact it was meant for her. * * *

(b) "The company however claims the circumstances of these two old people having lived together so long, having worked together, having confided in one another, having a box in which they kept all their papers, each one having a key to that and if that insurance policy was in that box as Mr. Basa claims, she knew all about it because she had access to the box and therefore she is involved in this fraud of additional insurance."

It is now urged that the court injected fraud as an essential element to invalidate the policy by other insurance. Of course such is not the law. The language used seems appropriate in view of the record as to defendant's claims. It was used here because defendant was claiming the presence of fraud. Perhaps the charge is not susceptible to the construction sought to be placed thereon. It is clear that the court never intended to say that fraud had to be present in order for other prohibited insurance to vitiate a policy. If it was so understood by counsel he should have directed the court's attention to it. Under the circumstances of this case the use of the word "fraud" was without error. Upon the record the court properly permitted the jury to determine the amount of loss, and the evidence sustains the amount of the verdict.

Affirmed.