The question presented by this petition for writ of certiorari is whether the Court of Civil Appeals erred in holding that respondent, John W. Minchew, had an insurable interest in a dwelling destroyed by fire. Finding no error, we affirm.
Respondent Minchew obtained an insurance policy from petitioner National Security Fire and Casualty Company (National Security). The policy covered a dwelling house and its contents for loss from fire. Subsequently, the dwelling and contents were destroyed by fire. National Security *Page 328 
refused to pay Minchew for the loss. Minchew then brought suit against National Security under the policy. The trial court heard the evidence ore tenus and returned a verdict in favor of Minchew for $9,000. National Security appealed to the Court of Civil Appeals which conditionally affirmed the judgment upon a remittitur of $2,000. We granted certiorari to review the decision of the Court of Civil Appeals.
The facts as set out in the opinion of the Court of Civil Appeals establish that in 1974 Minchew and his wife were divorced. By the terms of the divorce decree, all of Minchew's interest in the dwelling house was conveyed to his wife. Thereafter, in 1975, Minchew obtained the policy in question. In 1977, the dwelling and contents were destroyed by fire. Immediately following their divorce, the couple continued living together and were living together at the time of trial. The Court of Civil Appeals found that there was a common-law marriage as to the couple and Minchew had an insurable interest in the dwelling owned by his wife.
As a matter of public policy, ordinarily one may not insure for his benefit the property of another. North British Mercantile Insurance Co. v. Sciandra, 256 Ala. 409, 418,54 So.2d 764, 771 (1951). Therefore, since title to the dwelling is in his wife, Minchew's insurable interest, if any, exists by virtue of the marital relationship.
National Security contends that the requirements for a common-law marriage are not present in this case since, despite cohabitation, the parties intended to subsequently marry ceremonially.
The requirements of a common-law marriage, as most recently stated by this court in Piel v. Brown, 361 So.2d 90 (Ala. 1978), are (1) capacity to enter into the marital relationship, (2) present agreement or consent to be husband and wife, and (3) consummation. Id. at 93. National Security's argument is that the parties' intention to subsequently have a ceremonial marriage evidences a lack of present intent to be married; therefore, the second element is not satisfied and a common-law marriage does not exist.
However, as long as the requirements of a common-law marriage are satisfied, the marital relation exists notwithstanding a desire or intention to subsequently have a ceremonial marriage. The fact of a contemplated ceremonial marriage only goes to the issue of the parties' intention to presently be husband and wife. Such a contemplation does not bar per se the existence of a common-law marriage. See Skipworth v. Skipworth,360 So.2d 975 (Ala. 1978); King v. King, 269 Ala. 468, 114 So.2d 145
(1959).
In the instant case, the evidence established that on the evening of their divorce Minchew and his wife went out to dinner with friends then went home together that night. The couple continued living together in the dwelling which was later destroyed in the fire and were living together at the time of trial. Both parties testified that they regarded themselves as husband and wife. Therefore, it appears from the evidence that the parties did intend to be husband and wife notwithstanding the fact that they wanted a ceremonial marriage at some later date. Therefore, there is sufficient evidence to support the trial court's apparent conclusion that the parties had a valid common-law marriage.
We now come to the question whether Minchew has an insurable interest by virtue of his common-law marriage. It is widely held that a husband has an insurable interest in a homestead the title to which is held by his wife with whom he is living.See, e.g., Northern Assur. Co. v. Stewart, 228 Ala. 201,153 So.2d 243 (1934) (dicta); Wisdom v. Farm Property MutualInsurance Association, 199 Iowa 408, 202 N.W. 4 (1925); Basa v.Pierz Farmers' Mutual Fire Insurance Co., 178 Minn. 305,227 N.W. 39 (1929). This court, quoting 4 Appleman, Insurance Law 
Practice § 2149, stated in North British Mercantile InsuranceCo. v. Sciandra, supra, that, "Despite all the restrictions which the courts have *Page 329 
placed around the husband, they seem to have held unanimously that the husband has an insurable interest in the homestead on which he resides with his wife and family, even though title thereto is in the wife." 256 Ala. at 417, 54 So.2d at 771.
In Northern Assur. Co. v. Stewart, supra, this court, in holding that a husband had an insurable interest in a homestead jointly owned and occupied with his wife, stated the following: "Plaintiff not only was joint owner of the property with his wife, but he had a further interest, in that it constituted the homestead jointly occupied by them, and by the weight of authority this of itself suffices as an insurable interest."228 Ala. at 203, 153 So.2d at 245. Thus, it has been recognized, though never expressly held, in the decisions of this court that a husband does have an insurable interest in the homestead owned by his wife. We now hold that he does have such an interest.
The reason advanced for the rule prohibiting one from insuring for his benefit the property of another is that if he has no interest in the property there would be a temptation to destroy it and he would be helped and not injured thereby.Royal Exch. Assur. v. Almon, 206 Ala. 45, 48, 89 So. 76, 78
(1921). Realistically, however, the husband does have a beneficial, if not pecuniary, interest in the homestead and suffers a genuine disadvantage upon its destruction. Accordingly, the policy underlying the rule is not frustrated by permitting the husband an insurable interest in the homestead. It is difficult to conceive that a husband would be "helped and not injured" by the destruction of the very home in which he and his wife live.
We conclude that Minchew did have an insurable interest in the dwelling occupied jointly with his common-law wife even though title thereto was in the wife. Accordingly, the decision of the Court of Civil Appeals must be affirmed.
AFFIRMED.
All the Justices concur.