**Ruth BABER (McGee), Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 80–1665.**

United States District Court, District of Columbia.

May 5, 1982.

---

J. Brian Molloy and Mark B. Stern, (Court-appointed), Wald, Harkrader & Ross, Washington, D. C., for plaintiff.

Nathan Dodell, Asst. U. S. Atty., Stanley S. Harris, U. S. Atty., Royce C. Lamberth, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, District Judge:

Plaintiff Ruth Baber (McGee) challenges the Social Security Administration's denial of her application for survivor's benefits.[1] Her eligibility for the benefits turns on whether she entered into a common law marriage with Luther McGee, the deceased. The question presented is the validity of the agency's interpretation of Alabama law in determining whether a common law relationship had been established. The Court finds that the interpretation is flawed and that the factual record developed by the agency compels the conclusion that plaintiff's relationship with the deceased fully satisfied the requirements of a common law marriage under Alabama law. Accordingly, the denial to the plaintiff of survivor's benefits should be reversed.

## BACKGROUND

Plaintiff is a citizen of West Germany where she currently resides. She was denied the survivor's benefits which she sought upon the death of Luther McGee. The couple lived together continuously, in several locations, from 1967 until McGee's death in 1976. Plaintiff's daughter, born in 1963, also lived with the couple throughout this period. One such location provides the focus for this proceeding. In May, 1975, approximately eight years after they began living together, the couple visited Alabama to be with Luther McGee's mother who was hospitalized with a fatal illness. Throughout the period in Alabama, the administrative record makes clear that the couple conducted themselves, as they had throughout their relationship, as husband and wife. Plaintiff was routinely presented as McGee's wife and the couple was regarded as married by those they came in contact with. They even applied for life insurance policies as a married couple. When Luther succumbed to a fatal illness in 1976, his body was released to plaintiff and she managed the necessary affairs of his death.

Although she has some difficulty with the English language, plaintiff prepared an application for social security benefits without the aid of an attorney and mailed it from Germany on June 6, 1976. In assessing the claim, the Social Security Appeals Council

---

1. Plaintiff's claim is asserted under two sections of the Social Security Act, as amended: 42 U.S.C. § 402(g) providing for survivor's benefits paid to a widow and 42 U.S.C. § 402(d) providing for payment of benefits to a surviving stepchild. Plaintiff's daughter died on June 13, 1979.

affirmed an administrative law judge's finding that while a valid common law marriage could provide the basis for survivor's benefits, plaintiff was nevertheless ineligible because she could not demonstrate that an earlier marriage of Luther McGee had been properly terminated. Plaintiff appealed that decision to this Court and the case was remanded on two occasions with directions that the agency consider, among other things, a newly discovered State Department cable referring to McGee's divorce.

On the most recent remand, the Appeals Council examined the factual record in light of its interpretation of the Alabama common law marriage standard. Again denying plaintiff's claim for survivor's benefits, the Appeals Council found that the element of "present intent" could not be satisfied because no words of such intent could be found and because plaintiff had expressed doubt as to whether she was legally married and indicated that the couple had hoped to have a ceremonial marriage at some time.

### ANALYSIS

In reviewing a decision of the Secretary to deny social security benefits, the Court's analysis is typically limited to an inquiry into whether the decision is supported by substantial evidence, a standard which merely looks to whether a reasonable person could find that the evidentiary record supports the conclusion. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939). When this standard is met, the Court is bound by the Secretary's conclusions.

■ Since the Secretary's decision in this case is founded upon the agency's interpretation of Alabama domestic relations law, however, the Court must engage in a threshold assessment of the validity of that interpretation. Where, as the Court determines in this proceeding, the agency's con-

clusions rest upon an incorrect interpretation of the law, those conclusions will not bind a court in its review of the decision. Under the interpretation of Alabama law which this Court concludes is compelled by an examination of the relevant case authority, the factual record compiled by the agency warrants a finding that plaintiff's relationship with Luther McGee embodied each of the elements for a common law marriage recognized in Alabama.

### A.

■ In deference to agency expertise, 42 U.S.C. § 405(g) warrants affirmance of an agency decision as to the benefits where that decision is supported by substantial evidence. The same high degree of deference does not attach to an agency's interpretation of state law, particularly where a slight misinterpretation is dispositive.

In *Wolf v. Gardner*, 386 F.2d 295 (6th Cir. 1967), the Sixth Circuit acknowledged that the Secretary's findings of fact are conclusive when supported by substantial evidence, however, the court recognized no such obligation as to an erroneous conclusion of law. The agency decision in *Wolf* rested upon an interpretation of Ohio law as to the validity of the marriage of a claimant's parents and his corresponding status. Reversing the district court's affirmance of an agency denial of benefits, the court examined the administrative record and found that the application of what it considered the proper legal interpretation warranted reversal of the agency decision.

More recently, in *Schmoll v. Harris*, 636 F.2d 1146 (7th Cir. 1980), a denial of social security benefits was reversed notwithstanding the existence of sufficient evidence in the administrative record to support the agency's findings. *Schmoll* involved a disability claim arising out of a claimant's dependence upon medication. On review, the Court recognized that "[w]hen the Secretary ... commits an error of law, reversal is ... warranted irrespective of the volume of evidence supporting

the factual findings." *Id.* at 1150.[2] The court determined that the agency failed to provide a thorough examination of medical evidence which could have supported plaintiff's claim and remanded the proceeding for that purpose.

### B.

In this proceeding, the Appeals Council ultimately found that Luther McGee and the plaintiff had engaged in a permanent and exclusive relationship and consistently held themselves out to the public as husband and wife. Relying on the leading Alabama case of *Turner v. Turner*, 251 Ala. 295, 37 So.2d 186 (1948), however, the Council concluded that the relationship failed to rise to the level of a common law marriage because the parties lacked present intent to be married.

In *Turner*, the Alabama Supreme Court set forth the standard as follows: "[t]here must be a mutual understanding to *presently* enter into the marriage relationship, *permanent* and exclusive of all others, *after which* there is public recognition of the circumstances of the common-law marriage." *Id.* at 188 (citations omitted and emphasis in original).[3] In addition, in *Piel v. Brown*, 361 So.2d at 94 (emphasis in original), the court held that while a mutual understanding to presently enter into a marital relationship is indeed an element, "proof of *actual words* of agreement or consent has never been required by [the Alabama Supreme Court], rather, the test is one of intention . . . 'no ceremony and no particular words are necessary to constitute a valid common-law marriage.'"

The Appeals Council's decision as to the present intent element rested upon the absence of words of present assent voiced by the couple, plaintiff's doubts as to the legal effect of the relationship and a statement by the plaintiff that the couple had hoped to engage in a marriage ceremony. It is clear from the Appeals Council's reliance on these three factors in the face of significant countervailing evidence that its interpretation of *Turner* and its progeny is erroneous.

■ While the present intent of the parties is an element which is required for a common-law marriage under Alabama law, the Appeals Council's application of this standard to the facts contained in the administrative record demonstrates its reliance upon a narrow view of Alabama law which, consistent with *Turner*, has been rejected in subsequent decisions of the Alabama Supreme Court. Indeed, each of the factors relied upon by the Appeals Council has been expressly considered by Alabama courts.

■ A critical case which further defines the standard enunciated in *Turner*, is *Skipworth v. Skipworth*, 360 So.2d 975 (Ala. 1978). That case has particular relevance here since the court found that ample evidence supported a common law marriage notwithstanding the fact that the case presented a situation where the parties had questioned the legal status of their relationship and planned a ceremonial marriage. The court emphasized that "a lawful common-law marriage is formed . . . 'without regard to what the parties consider the legal effect of such relation to be.'" *Id.* at 977, *citing Smith v. Smith*, 247 Ala. 213, 217, 23 So.2d 605, 609 (1945); *White v. White*, 225 Ala. 155, 157, 142 So.2d 524, 525 (1932). As set out in *Skipworth*, the Alabama standard for a common law marriage contemplates that:

---

**2.** *See also, Aubeuf v. Schweiker*, 649 F.2d 107 (2d Cir. 1981); *Marcus v. Califano*, 615 F.2d 23 (2d Cir. 1979); *Kasey v. Richardson*, 462 F.2d 757 (4th Cir. 1972); *Conley v. Ribicoff*, 294 F.2d 190 (9th Cir. 1961); *Curtin v. Harris*, 508 F.Supp. 791 (D.N.J.1981); *McGuire v. Califano*, 440 F.Supp. 1031 (D.Neb.1977); *Tyler v. Weinberger*, 409 F.Supp. 776, 785 (E.D.Va.1976).

**3.** As restated in *National Security Fire and Casualty Co. v. Minchew*, 372 So.2d 327, 328 (Ala.

1979), *citing Piel v. Brown*, 361 So.2d 90 (Ala. 1978):
 (1) capacity to enter into the marital relationship,
 (2) present agreement or consent to be husband and wife, and
 (3) consummation.
*See also, Beck v. Beck*, 286 Ala. 692, 246 So.2d 420 (1971); *Vinson v. Vinson*, 260 Ala. 254, 69 So.2d 431 (1954).

No ceremony and no particular words are necessary. Instead, there must first have been a present agreement, that is, a mutual understanding to enter at that time into the marriage relationship, permanent and exclusive of all others. This agreement must be followed by public recognition of the existence of the "marriage" and cohabitation or mutual assumption openly of marital duties and obligations .... In many instances present agreement is simply inferred from cohabitation and public recognition.

*Id.* at 976–77 (citations omitted). *See also, Piel v. Brown*, 361 So.2d at 94, *citing Sloss-Sheffield Steel and Iron Co. v. Watford*, 245 Ala. 425, 17 So.2d 166 (1944).

Other Alabama Supreme Court cases have shed light on the *Turner* standard and addressed the weight to be accorded the very factors relied upon by the Appeals Council in denying plaintiff's claim on the basis that no common law relationship existed. In *Huffmaster v. Huffmaster*, 279 Ala. 594, 188 So.2d 552 (1966), for example, the court recognized a common law marriage where the parties lived together continuously for over twenty years, purchased property as husband and wife, obtained a life insurance policy as a married couple and filed joint income tax returns. The court found that a common law relationship could be inferred from these factors despite evidence that one of the parties doubted the legality of the relationship and indicated that they had planned a ceremonial marriage.

In the case of *National Security Fire and Casualty Co. v. Minchew*, 372 So.2d 327, the court reiterated its position that "as long as the requirements of a common-law marriage are satisfied, the marital relationship exists notwithstanding a desire or intention to subsequently have a ceremonial marriage." *Id.* at 328, *citing Skipworth v. Skipworth*, 360 So.2d 975; *King v. King*, 269 Ala. 468, 114 So.2d 145 (1959).

### C.

■ Given that Alabama law mandates that the factors relied upon in denying plaintiff's application are not to be accorded the dispositive weight which they were assigned by the Appeals Council, it remains to be determined what result obtains upon application of the proper Alabama legal standard to the facts amassed by the agency. The Appeals Council could not, consistent with Alabama case authority, make a finding of lack of present intent based upon an absence of actual words of assent or plaintiff's comments expressing doubt as to the legal validity of the relationship and a planned ceremonial marriage. Thus the Court's task is to evaluate the administrative record to determine whether it contains additional facts to support the agency decision or whether present intent is either demonstrated or may be inferred from the evidence. *See Skipworth v. Skipworth*, 360 So.2d 975; *Piel v. Brown*, 361 So.2d 90.

An examination of the Appeals Council decision and the administrative record reveals that the factors seized upon by the Appeals Council in its denial of benefits were in fact the only items of evidence militating against a finding that a common law relationship existed between Luther McGee and plaintiff. More importantly, virtually all of the other factual conclusions weigh decisively in favor of a finding that the elements of a common law marriage under Alabama law were satisfied by the relationship. Indeed, the administrative record demonstrates, for example, that the couple lived together continuously for over eight years and held themselves out to the public during that period as husband and wife and regarded their relationship as a permanent union. The relationship endured until Luther McGee died in 1976. The only factors which arguably controvert the conclusion that a common law marriage existed were the two statements of plaintiff Ruth Baber which were relied upon by the defendant along with its finding as to words of assent in its denial of benefits. Under Alabama law those factors are not enough, standing alone, to support the defendant's conclusion and the Court determines that a common law marriage existed and that plaintiff therefore is entitled to

receive the survivor's benefits which she sought upon the death of her common law spouse.

## ORDER

In accordance with the Memorandum Opinion entered this date, it is this 5th day of May, 1982,

ORDERED, that the motion to affirm the Secretary of Health and Human Service's decision of September 4, 1981, denying plaintiff's application for survivor's benefits is denied; and it is

FURTHER ORDERED, that plaintiff's motion for reversal is granted and judgment is entered for the plaintiff; and it is

FURTHER ORDERED, that the defendant shall forthwith take such steps as are required to disburse the benefits to which plaintiff is entitled under 42 U.S.C. §§ 402(d) and (g).