**RETAIL SYSTEMS, INC., Respondent,**

v.

**CNA INSURANCE COMPANIES, et al., Appellants,**

**Independent Republicans of Minnesota, Respondent.**

No. C7–90–2586.

Court of Appeals of Minnesota.

May 21, 1991.

Review Denied Aug. 2, 1991.

Patrick H. O'Neill, Thomas C. Atmore, O'Neill, Burke, O'Neill, Leonard and O'Brien, Ltd., St. Paul, for Retail Systems, Inc.

Jerome B. Abrams, Mark G. Pryor, Austin & Abrams, P.A., Minneapolis, for CNA Ins. Companies, et al.

Joseph E. Lulic, Hanson & Lulic, Minneapolis, for Independent Republicans of Minnesota.

Considered and decided by FORSBERG, P.J., and CRIPPEN and KLAPHAKE, JJ.

## OPINION

CRIPPEN, Judge.

The trial court granted respondent Retail Systems Inc.'s motion for summary judgment, ruling that Retail's insurance policy provided coverage and that appellant CNA Insurance must defend Retail in an action brought by respondent Independent Republican Party of Minnesota for the loss of the Party's computer tape while it was in Retail's control. Appellant contends the policy does not cover the loss of the tape because the tape was not tangible property and because Retail was holding the tape for storage or safekeeping. We affirm.

## FACTS

Respondent Retail is a data processing consultant. Before the incident leading to this litigation, Retail developed computer programs and processed data relating to voter preference for respondent Party. In 1984, the Party did a voter survey as part of the 1984 campaign. The results of that survey were recorded on a computer tape which was given to Retail for processing. When not in use, the tape was shelved at Retail's office. In August 1985, the tape disappeared during remodeling of Retail's computer room.

The Party brought an action against Retail for damages suffered as a result of the loss of the computer tape and its data. Retail attempted to tender defense of the action to its insurance carrier, appellant CNA Insurance. Appellant refused to as-

sume defense of the action, contending the policy denied coverage for the lost tape.

Section II of the CNA policy, the general liability section, provides coverage for damage claims resulting from "Personal Injury or Property Damage to which this insurance applies." Section II defines property damage as "physical injury or destruction of tangible property." Section II also contains an exclusion on claims for damage to property "entrusted" to the insured "for storage or safekeeping." Finally, Section II required appellant to defend Retail against actions brought seeking damages for covered losses, "even if any of the allegations of the suit are not true."

Retail filed a declaratory judgment action against appellant, asking the trial court to declare that the CNA policy provides coverage and that appellant must defend Retail against the Party's action. This relief was granted upon Retail's motion for summary judgment. The trial court found that the lost tape and data were tangible property and rejected appellant's argument that Retail was holding the tape for storage or safekeeping.

## ISSUES

1. Did the trial court err by finding that the computer tape and data were tangible property?

2. Did the trial court err by finding that Retail was not holding the tape for storage and safekeeping?

## ANALYSIS

When reviewing a trial court's summary judgment, the appellate court must determine if there are any triable issues of material fact or if the trial court misapplied the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Here, the facts are settled and this court's function is to determine if the trial court misapplied the law when interpreting the insurance contract.

■ 1. An insurance policy provision is to be interpreted according to both its plain, ordinary meaning and what a reasonable person in the position of the insured would have understood it to mean. *Farmers Home Mut. Ins. Co. v. Lill*, 332 N.W.2d 635, 637 (Minn.1983) (citation omitted). Terms susceptible of more than one meaning are ambiguous. *Columbia Heights Motors, Inc. v. Allstate Ins. Co.*, 275 N.W.2d 32, 34 (Minn.1979). Ambiguous provisions in the policy are construed in favor of the insured. *Canadian Universal Ins. Co. v. Fire Watch, Inc.*, 258 N.W.2d 570, 572 (Minn.1977).

We find no precedent in Minnesota or elsewhere to direct us in deciding whether computer tapes and data are tangible property under an insurance policy. The Minnesota Supreme Court briefly discussed, but did not decide, this issue in *Magnetic Data v. St. Paul Fire & Marine Ins. Co.*, 442 N.W.2d 153, 156 (Minn.1989).

At best, the policy's requirement that only tangible property is covered is ambiguous. Thus this term must be construed in favor of the insured. Other considerations also support the conclusion that the computer tape and data are tangible property under this policy. The data on the tape was of permanent value and was integrated completely with the physical property of the tape. Like a motion picture, where the information and the celluloid medium are integrated, so too were the tape and data integrated at the moment the tape was lost. *See Commerce Union Bank v. Tidwell*, 538 S.W.2d 405, 407–08 (Tenn.1976) (unlike data removable from a tape, the movie cannot exist without the film).

■ The parties have discussed several property and sales tax cases that address the question whether recorded material is tangible property for tax purposes. A number of tax decisions support our conclusion that the computer tape is tangible property. *See Hasbro Indus., Inc. v. Norberg*, 487 A.2d 124, 128–29 (R.I.1985); *Citizens & Southern Sys., Inc. v. South Carolina Tax Comm'n*, 280 S.C. 138, 142, 311 S.E.2d 717, 719 (1984); *Chittenden Trust Co. v. King*, 143 Vt. 271, 274, 465 A.2d 1100, 1102 (1983). These decisions parallel Minnesota's current sales tax statute on computer software. Minn.Stat. § 297A.01, subd. 11 (1990). We also observe, however,

that the majority of tax decisions find that computer tapes are intangible property for tax purposes. *See District of Columbia v. Universal Computer Assocs., Inc.*, 465 F.2d 615, 617 (D.C.Cir.1972); *State v. Central Computer Servs., Inc.*, 349 So.2d 1160, 1162–63 (Ala.1977); *Honeywell Information Sys., Inc. v. Maricopa County*, 118 Ariz. 171, 173, 575 P.2d 801, 803 (Ct.App. 1977); *First Nat'l Bank v. Department of Revenue*, 85 Ill.2d 84, 88, 51 Ill.Dec. 667, 670, 421 N.E.2d 175, 178 (1981); *Commerce Union Bank v. Tidwell*, 538 S.W.2d 405, 407–08 (Tenn.1976); *Janesville Data Center, Inc. v. Wisconsin Dep't. of Revenue*, 84 Wis.2d 341, 346–47, 267 N.W.2d 656, 658–59 (1978).

Having in mind the decisions that tapes are intangible property, we have considered whether these tax precedents should govern an insurance case and conclude that they should not. Because data can be removed from a computer tape at any time, the transfer of the physical property (the tape) is only incidental to the purchase of the knowledge and information stored on the tape. *See Commerce Union Bank v. Tidwell*, 538 S.W.2d 405, 407–08 (Tenn. 1976). Thus, the tape has little value for tax purposes. But if the tape is lost while it still contains the data, as is the case here, its value is considerably greater.[1]

The trial court did not err by finding that the computer tape and data were tangible property under the insurance policy.

■ 2. Appellant contends that coverage is denied by a policy provision excluding coverage for property held by Retail for storage or safekeeping. The mere possession of property does not indicate that the possessor is also holding the property for storage or safekeeping. *See Prahm v. Rupp Constr. Co.*, 277 N.W.2d 389, 390–91 (Minn.1979) (a backhoe was not being held for storage or safekeeping as described in a coverage exclusion when it was damaged while being transported).

Here, the tape was not entrusted to Retail for storage but so that Retail could work on the tape. Any storage of the tape was merely incidental to Retail's true reason for possessing it. *See Topeka Ry. Equip., Inc. v. Foremost Ins. Co.*, 5 Kan. App.2d 183, 184–88, 614 P.2d 461, 463–65 (1980) (incidental storage or safekeeping of railroad cars while awaiting modification and repair is not the storage or safekeeping envisioned by a storage or safekeeping exclusion). The trial court did not err by finding that the storage or safekeeping exclusion did not exclude coverage.

■ As an alternative to Section II coverage, the trial court also found coverage under Section I, which covered loss of property. We agree that Section I coverage would be applicable as an alternative to Section II coverage. We also agree that Section I's "other insurance" exclusion is not applicable because the additional insurance was not purchased by Retail. *See Basa v. Pierz Farmers Mut. Fire Ins. Co.*, 178 Minn. 305, 307, 227 N.W. 39, 40 (1929) (to constitute a violation of a policy prohibition against other insurance the additional insurance must be on the same property and on the same interest in the property). Appellant's reliance on *Woodrich Constr. Co. v. Indemnity Ins. Co.*, 252 Minn. 86, 89 N.W.2d 412 (1958), is misplaced. The *Woodrich* court was interpreting a general liability provision and not a property coverage provision and thus is inapplicable here. *See id.* at 101, 89 N.W.2d at 423.

■ Retail asks for attorney fees for defending this appeal. Retail is entitled to fees. *See Lanoue v. Fireman's Fund Am. Ins. Cos.*, 278 N.W.2d 49, 55 (Minn.1979) (insurer must pay the costs of an appeal

---

**1.** Appellant cites *Fingerhut Products Co. v. Commissioner of Revenue*, 258 N.W.2d 606 (Minn. 1977) in support of its contention that the computer tape and data are not tangible property. *Fingerhut* addressed whether the Minnesota use tax as then prescribed should apply to typed mailing lists. *Id.* at 610. As we have stated, we think it inappropriate to apply tax law to the interpretation of an insurance policy. Moreover, *Fingerhut* did not consider the tangibility of computer tapes or data. Finally, insofar as *Fingerhut* affected taxation of computer software, the Minnesota general sales tax law, observed here earlier, has since been amended to state that this material is tangible property for tax purposes. Minn.Stat. § 297A.01, subd. 11 (1990).

when it loses an appeal from a trial court order ordering it to defend its insured).

## DECISION

The trial court did not err by granting Retail's motion for summary judgment. Retail's application for attorney fees having been duly filed, we award attorney fees of $1500.

Affirmed.