MINNEAPOLIS CABLESYSTEMS,
etc., Appellant,

v.

CITY OF MINNEAPOLIS, et
al., Respondents,

Northern Cablevision of Minneapolis,
Inc., intervenor, Respondent.

No. 51381.

Supreme Court of Minnesota.

Oct. 17, 1980.

O'Connor & Hannan and Joe Walters and Douglas Franzen, IDS Center, Minneapolis, for appellant.

Robert J. Alfton, City Atty., J. David Abramson, Asst. City Atty., Minneapolis, for City of Minneapolis.

Briggs & Morgan and Leonard Keyes and R. Scott Davies, Minneapolis, for Northern Cablevision of Minneapolis, Inc.

YETKA, Justice.

Minneapolis Cablesystems brought this action on December 11, 1979, against the City of Minneapolis for a declaratory judgment that City Council Resolution 79R–396 awarded plaintiff a franchise to build and operate a cable television system in Minneapolis. Minneapolis Cablesystems also sought to enjoin the city council from rescinding the alleged franchise and sought judgment declaring rescission of Resolution 79R–396 to be null and void.

The Hennepin County District Court issued a temporary restraining order on December 14, 1979, preventing the city from rescinding the alleged franchise. The TRO was renewed at special term on December 18. Northern Cablevision's motion to intervene was granted at that time.

After trial, Findings of Fact, Conclusions of Law, and an Order for Judgment were issued against Minneapolis Cablesystems on all claims. Minneapolis Cablesystems appealed from the March 25, 1980 Order for Judgment that denied both declaratory and injunctive relief. We affirm.

A number of issues have been raised before this Court, but the primary issue is a simple one and that is whether the City of Minneapolis entered into a binding contract with appellant to grant the latter a franchise to operate a cable television system in the City of Minneapolis.

The facts of this case are not in dispute. On June 4, 1979, the City of Minneapolis

issued an "Invitation for Applications" to provide cable television service to the city. Applicants were advised by the invitation that an ordinance would set forth conditions to accompany the grant of a franchise, as required by state regulations.

The city authorized distribution of a draft ordinance on June 8. The draft ordinance indicated that a franchise would commence when the ordinance was adopted.

Thereafter, Minneapolis Cablesystems, Northern Cablevision, and two other companies submitted applications for the Minneapolis franchise. On September 28, 1979, the Minneapolis City Council adopted a resolution providing in part:

> That a fifteen year non–exclusive franchise to operate a cable television communications system is hereby awarded to Minneapolis Cablesystems and that the proper City officers be authorized to negotiate a final agreement with Minneapolis Cablesystems leading to the enactment of the franchise ordinance, *subject to final approval by Minneapolis Cablesystems and the City Council.*

Minneapolis City Council Resolution 79R–396 (emphasis added).

On October 4, the city attorney informed Minneapolis Cablesystems by letter that city officials were authorized to complete negotiations leading to a binding contract between Minneapolis Cablesystems and the city. The letter also said that state regulations require franchises to be granted by ordinance. During a meeting on October 11, the city attorney requested Minneapolis Cablesystems not to make any financial commitment until the franchise was signed.

Subsequent negotiations between city officials and Minneapolis Cablesystems produced agreement concerning the terms of the proposed ordinance. The proposed ordinance incorporated many terms that differed from the draft ordinance of June 8, 1979.

On November 21, 1979, the city council approved a motion to substitute the name of Northern Cablevision for Minneapolis Cablesystems in the draft ordinance and to discharge a city council committee from further consideration of the Minneapolis Cablesystems ordinance.

At its December 14 meeting, the city council passed an ordinance favoring a Northern Cablevision franchise. Another resolution was passed that rescinded Resolution 79R- 396.

Appellant Minneapolis Cablesystems claims that Resolution 79R–396 awarded a franchise by which appellant acquired legally protectible rights. Respondent City of Minneapolis argues, and the trial court agreed, that a franchise was not awarded for two reasons. First, a franchise ordinance was not passed by the city council as required by state law. Second, there was no acceptance of an offer creating a valid, enforceable contract.

We do not deem it necessary to decide whether Chapter 238 of Minnesota Statutes delegates authority to the Cable Communications Board to promulgate rules requiring all franchises to be granted by ordinance because, in this particular case, the city council itself, in its original draft ordinance, made it clear to applicants that no final action to grant a franchise would be effective until an ordinance was approved by the city. Section 7 of the city's original draft ordinance states: "The franchise term shall commence with the adoption of this ordinance, and its official publication * *."

█ The parties agree that contract law governs in this case. A contract requires a meeting of the minds concerning its essential elements. *See, e. g., Malevich v. Hakola,* 278 N.W.2d 541, 544 (Minn. 1979). Resolution 79R–396 left the city the option to veto any proposed ordinance prior to its final adoption. Thus, no valid contract for a franchise was entered into by the City of Minneapolis. *See Edge Moor Bridge Works v. County of Bristol,* 170 Mass. 528, 532–33, 49 N.E. 918, 918–19 (1898) (county not bound when accepting bid that required execution of formal contract as a future condition); *Wells Construction Co. v. Goder Incinerator Co.,* 173 Minn. 200, 205, 217 N.W. 112, 114 (1927) (no

contract created when one party did not intend to be bound until it was signed); *Massee v. Gibbs*, 169 Minn. 100, 104, 210 N.W. 872, 874 (1926) (when one party intends not to be bound until formal contract signed, no contract created until condition fulfilled).

We need not decide whether appellant has a cause of action either on quasi–contract or on a theory that the city failed to negotiate a final ordinance in good faith because that issue is not raised by appellant and is not before us. Nor are we called upon at this time to decide the validity of the ordinance purporting to grant Northern Cablevision a franchise in light of the unusual facts surrounding that action.

Affirmed.