Edwin Wayne ERICKSON, Appellant,

v.

Charles Joseph CHRISTIE, et al., Defendants,

Grinnell Mutual Reinsurance Company, et al., Respondents.

No. C1–00–1548.

Court of Appeals of Minnesota.

Feb. 6, 2001.

Ross Muir, Ross Muir Law Offices, Rochester, MN, (for appellant).

Paul A. Banker, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, MN, (for respondents).

Considered and decided by HANSON, Presiding Judge, SHUMAKER, Judge, and FOLEY, Judge.*

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

SHUMAKER, Judge

In this appeal from a declaratory judgment action, Appellant Edwin Wayne Erickson challenges the district court's grant of summary judgment for respondents. Erickson had been injured when the motorcycle he was riding collided with a farm tractor operated by the insured's 12 year old son. Erickson argues that the "business pursuits" exclusion in the insured's homeowner's policy did not apply because the driver of the tractor was not furthering his own business pursuits when the accident occurred. We affirm.

## FACTS

Respondent Charles Christie operates a farm and a grain company. He and his family live on a portion of the land he farms.

On May 23, 1998, Christie and his 12–year–old son, Michael, were doing farm work when they were interrupted by rain. Christie told Michael to drive the tractor back home so that the oil could be changed before they resumed their fieldwork. Michael drove the tractor and an attached discovator along the highway. As he crossed the highway on his way home, he drove into the path of appellant Edwin Wayne Erickson's oncoming motorcycle. The vehicles collided and Erickson was seriously injured.

At the time of the accident, Christie carried a comprehensive general liability insurance policy, known as Farm Guard, for his farming business, and a homeowner's policy, known as Home Guard, for his home and personal effects.

Erickson received benefits under the Farm Guard policy through a settlement and then claimed benefits under the Home Guard policy. The insurer, respondent

Minn. Const. art. VI, § 10.

Grinnell Mutual Reinsurance Company, denied coverage on the ground that the policy excluded coverage for business pursuits.

Erickson brought a declaratory judgment action and both he and Grinnell moved for summary judgment. The district court granted Grinnell's motion, ruling that the business pursuits exclusion in the Home Guard policy precluded coverage for Erickson because the accident arose out of a business activity. Erickson appeals.

### ISSUE

Did the district court err in determining that the "business pursuits" exclusion of the homeowner's policy applied where the liability-causing conduct arose while a son helped his father, a named insured, with his farming business?

### ANALYSIS

■ On a review of a summary judgment we assess whether there are genuine issues of material fact and whether the district court erred as a matter of law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

■ The Home–Guard policy contains a business pursuits exclusion: "We do not cover bodily injury or property damage arising out of the business pursuits of any insured person." Erickson contends that the exclusion applies only if the person liable for an accident is engaging in his own business pursuit. Erickson contends that Michael Christie was merely helping in his father's business and was not engaged in his own business pursuit.

There is no dispute that Charles Christie was conducting farm business activities on May 23, 1998; or that Michael Christie was driving a tractor as an incident of the conduct of his father's business; or that Michael Christie is an insured under the Home Guard policy by virtue of his relationship to and residence with his father. Nor is there any dispute that farming was

not 12 year old Michael's business at the time of the accident. But we reject Erickson's interpretation of the business pursuits exclusion.

■ The interpretation of insurance contract language is a question of law, which we review de novo. *Meister v. Western Nat'l Mut. Ins. Co.,* 479 N.W.2d 372, 376 (Minn.1992). "General principles of contract interpretation apply to insurance policies." *Lobeck v. State Farm Mut. Auto. Ins. Co.,* 582 N.W.2d 246, 249 (Minn. 1998). If the language is clear and unambiguous, it "must be given its usual and accepted meaning." *Id.* (quotation omitted). We must also consider what the insured would have reasonably understood the purpose of the insurance to be:

> An insurance policy provision is to be interpreted according to both its plain, ordinary meaning and what a reasonable person in the position of the insured would have understood it to mean.

*Retail Sys., Inc. v. CNA Ins. Cos.,* 469 N.W.2d 735, 737 (Minn.App.1991), *review denied* (Minn. Aug. 2, 1991).

The focus of a business pursuits exclusion is on the liability-causing conduct. If the conduct, by whomever performed, is within a business activity of anyone insured under the policy, coverage is excluded. *See Zimmerman v. Safeco Ins. Co. of Am.,* 605 N.W.2d 727, 731 (Minn.2000) (stating that "the appropriate focus must be on the liability-creating conduct * * *" in interpreting a business pursuits insurance exclusion).

■■ The function of a business pursuits exclusion is to confine the homeowner's policy coverage to nonbusiness risks and to relegate business coverage to a commercial policy.

> The purpose of business pursuits exclusions in homeowner's policies is to delete coverage which is not essential to the purchasers of the policy and which would normally require specialized underwriting and rating, and thus keeps premium rates at a reasonable level.

*Grossman v. American Family Mut. Ins. Co.*, 461 N.W.2d 489, 495 (Minn.App.1990), *review denied* (Minn. Dec. 20, 1990) (quotation omitted).

We have noted the danger of failing to recognize the distinction between commercial and homeowner's noncommercial insurance: "Premiums for homeowner's policies would be inflated unreasonably if the homeowner's insurance pool were required to assume risks attendant upon commercial ventures * * *." *Id.* at 496.

Charles Christie had purchased two different insurance policies that allowed for this distinction. Farm Guard proceeds were applied to Erickson's claim because Erickson was injured by conduct that was part of the Christies' commercial venture and that policy covered commercial activities. It is also because Erickson was injured by commercial conduct that the non-commercial homeowner's policy excludes coverage. The district court did not err in granting summary judgment in Grinnell's favor.

## DECISION

The district court properly granted the motion for summary judgment, determining that the "business pursuits" exclusion applied when the liability-causing conduct was a 12 year old boy working with his father in his father's farming business.

**Affirmed.**