Joan F. SMITH, Respondent,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Appellant.

No. C8–02–997.

Court of Appeals of Minnesota.

Feb. 11, 2003.

Thomas W. Larkin, Melchert Hubert Sjodin, PLLP, Waconia, MN, for respondent.

C. Todd Koebele, Michelle D. Christensen, Murnane, Conlin, White Brandt, St. Paul, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge, SCHUMACHER, Judge, and HUDSON, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellant State Farm Fire and Casualty Company challenges the district court's grant of summary judgment to respondent Joan F. Smith, arguing a business-purposes exclusion in Smith's homeowner's insurance policy precludes coverage for damage to a structure on her property. We reverse and remand.

## FACTS

In June, 1997, Smith purchased residential property in Carver County, Minnesota, that included a home, two pole barns, and various other outbuildings. Smith purchased a homeowner's policy from State Farm. The policy provided coverage for "the dwelling" (the home) and "structures on the residence premises, separated from the dwelling by clear space," but excluded from coverage any non-dwelling structure "used in whole or in part for business purposes" or "rented or held for rental to a person not a tenant of the dwelling, unless used solely as a private garage." The policy was in effect at all times relevant to this dispute.

When Smith purchased the property, she continued the previous owner's practice of renting one pole barn to a neighbor for car storage. When the neighbor removed the cars in late 1997, a commercial marina rented both barns to store customer boats for the winter. Smith entered into a lease agreement that required the marina to separately insure the boats and its employees and release Smith from liability for any property damage or personal injury associated with the rental.

As part of her 1997 federal tax return, Smith filed a Schedule C–EZ ("Net Profit From Business") listing "property rental" as her "principal business or profession" and reporting $1,550 "gross receipts from [her] trade or business" and $250 "deductible business expenses."

For the following three years, Smith rented the barns to commercial marinas for approximately $4,000 each winter. None of the marinas ever received keys to the barns, which remained locked throughout the winter. There is no evidence in the record that Smith notified State Farm, or that State Farm was otherwise aware, that she was renting space in the pole barns.

In February 2001, one pole barn collapsed, apparently due to snow and ice accumulation on its roof. Neither party has alleged that the roof collapse was in any way related to the presence of the boats inside the barn. Smith submitted a claim to State Farm for the loss of the barn. State Farm denied the claim on the grounds that the policy's business and rental exclusions precluded coverage because Smith was renting the barn for business purposes.

Smith brought suit seeking a declaratory judgment that State Farm was obligated to provide coverage. State Farm moved for summary judgment, arguing coverage was precluded under the policy because Smith was using the barn for business purposes and because Smith was renting the barn for use other than as a private garage.

The district court determined that Smith's rental conduct was governed by the policy's rental exclusion, rather than its general business exclusion, "regardless of whether or not [Smith's] actions could be construed as a 'business.'" Applying the rental exclusion, the court concluded that because the marina was functionally using the barn as a private garage in which to store vehicles, Smith was entitled to coverage under the rental exclusion's private garage exception. The court granted summary judgment against State Farm.

**ISSUE**

Did the district court err by concluding that the rented pole barn was covered under the private garage exception to the rental exclusion in Smith's homeowner's policy?

**ANALYSIS**

We review a grant of summary judgment to determine "whether there are any genuine issues of material fact and whether the district court erred in its application of the law." *Goins v. W. Group,* 635 N.W.2d 717, 722 (Minn.2001). Where, as here, there are no relevant facts in dispute, we review de novo the district court's interpretation of the insurance contract and the contract's application to the particular facts of the case. *Nat'l City Bank v. St. Paul Fire & Marine Ins. Co.,* 447 N.W.2d 171, 175 (Minn.1989).

"General principles of contract interpretation apply to insurance policies." *Lobeck v. State Farm Mut. Auto. Ins. Co.,* 582 N.W.2d 246, 249 (Minn.1998). Unambiguous language must be given its plain and ordinary meaning and any ambiguity in a policy must be construed in favor of the insured. *Henning Nelson Const. Co. v. Fireman's Fund Am. Life Ins. Co.,* 383 N.W.2d 645, 652 (Minn.1986). Policy provisions must be interpreted according to what the insured would have reasonably understood them to mean. *Erickson v. Christie,* 622 N.W.2d 138, 140 (Minn.App. 2001). Provisions must be "given a meaning in accordance with the obvious purpose of the * * * contract as a whole." *Repub-*

*lic Nat. Life Ins. Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 354 (Minn.1979) (quotation omitted).

In an action to determine coverage under an insurance policy containing an exclusion clause, the insurer bears the burden of proving the exclusion bars coverage. *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 313 (Minn.1995).

[O]nce the insurer shows the application of an exclusion clause, the burden of proof shifts back to the insured because the exception to the exclusion "restores" coverage for which the insured bears the burden of proof.

*Id.* at 314.

State Farm argues the district court erred by concluding that because the policy's rental exclusion specifically controlled Smith's rental actions, the applicability of the "more general" business exclusion need not be considered "regardless of whether [Smith's] actions could be construed as a 'business.'"

It is true that the policy's rental and business exclusions are disjunctive, but it is also true that "[a] contract must be interpreted in a way that gives all of its provisions meaning." *Current Tech. Concepts, Inc. v. Irie Enters., Inc.*, 530 N.W.2d 539, 543 (Minn.1995) (citation omitted); *see also Country Club Oil Co. v. Lee*, 239 Minn. 148, 151–2, 58 N.W.2d 247, 249 (1953) (stating that "[a]s far as is reasonably possible [a contract] is to be construed so as to harmonize all of its parts"). Here, the district court declined to consider whether its interpretation and exclusive application of the rental exclusion gave sufficient meaning to either the business exclusion or the homeowner's policy as a whole.

The policy excludes coverage of structures used for "business purposes," and defines "business" as "a trade, profession or occupation." The supreme court has defined business purposes in an insurance policy as "a type of activity in which persons regularly engage for the purpose of earning a livelihood or for gain." *Allied Mut. Cas. Co. v. Askerud*, 254 Minn. 156, 163, 94 N.W.2d 534, 539–40 (1959); *see also Reins. Ass'n of Minn. v. Patch*, 383 N.W.2d 708, 712 (Minn.App.1986) (defining business pursuits as activity "intended to generate profits or financial gain").

Here, Smith earned approximately $4,000 in each of the three consecutive winters she rented the barns, entered the money received as rental income on her check register, and at least once claimed the income and expenses associated with the rental property as business-related on her federal income tax forms. *Cf id.* (holding that insured's activity was not a business where insured had no standard charge for service provided, kept no record of charges, and was unaware whether activity generated income).

Smith argues that because she is a financial analyst, property rental is not her "trade, occupation, or profession," and the business exclusion cannot apply to her seasonal rental of the barns. We disagree. First, the policy excludes coverage for "business purposes," not the singular "business purpose," suggesting that for the purposes of the exclusion, the business in question is not limited to the insured's primary occupation. Second, that the conduct was part-time or unrelated to the insured's main occupation does not preclude a determination that the conduct was a business when the insured regularly engaged in the conduct with an intent to profit. *See Askerud*, 254 Minn. at 163, 94 N.W.2d at 539–40.

We conclude, based on the record before us, that Smith was renting the barn for business purposes and that coverage for damage to the barn was precluded under

the policy's business exclusion. Smith argues, without citing any authority, that the business exclusion is not applicable because she required the marina to separately insure its boats and employees, thereby exposing State Farm to no business risk, and because her claim arose from a risk unrelated to the presence of the boats inside the barn. We disagree.

A business-purposes exclusion is intended "to confine the homeowner's policy coverage to nonbusiness risks and to relegate business coverage to a commercial policy." *Erickson*, 622 N.W.2d at 140. Such an exclusion further serves to

> delete coverage which is not essential to the purchasers of the policy and which would normally require specialized underwriting and rating, and thus keeps premium rates at a reasonable level.

*Grossman v. Am. Family Mut. Ins. Co.*, 461 N.W.2d 489, 495 (Minn.App.1990) (quotations omitted), *review denied* (Minn. Dec. 20, 1990). State Farm argues Smith's boat-storage business created business risks and liabilities not contemplated by Smith's homeowner's policy.

"The focus of a business pursuits exclusion is on the liability-causing conduct." *Erickson*, 622 N.W.2d at 140. Although the parties agree that the damage to the barn was not caused by the stored boats, it is clear that Smith's business conduct—renting the barn for boat storage—created risks and liabilities of which State Farm was unaware until after the barn collapsed and that would properly be insured, as State Farm contends, in a commercial insurance policy. By failing to disclose her conduct, Smith prevented State Farm from knowing the risks it was insuring. *See Minneapolis Cablesystems v. City of Minneapolis*, 299 N.W.2d 121, 122 (Minn.1980) (stating no contract is created when there is no meeting of minds concerning essential elements of contract).

Furthermore, the clear intent of Smith's homeowner's policy, read as a whole, is to exclude from coverage structures used for business purposes. We are unwilling to interpret a homeowner's policy as insuring unknown business risks that Smith failed to disclose before making a claim and that the policy expressly excludes from coverage. Smith has not met her burden of showing an applicable exception to the exclusion. We therefore conclude that under the policy's business exclusion, Smith's undisclosed business conduct precludes coverage regardless of whether the conduct created the risk that materialized in harm.

The policy excludes coverage for structures "rented or held for rental to a person not a tenant of the dwelling, unless used solely as a private garage." The district court found that because the coverage dispute involved the rented pole barn, the controlling policy provision was the rental exclusion. The court therefore chose not to consider the applicability of the policy's more general business-purposes exclusion. *See Burgi v. Eckes*, 354 N.W.2d 514, 519 (Minn.App.1984) (stating that it is a rule of contract construction "that the specific in a writing governs over the general"). The court then concluded that the barn was covered under the private-garage exception to the rental exclusion.

We believe the district court's construction fails to harmonize the two independent exclusions by permitting Smith to invoke the private-garage exception to the rental exclusion even where, as we have concluded here, her rental activity was undertaken for business purposes. *See Current Tech. Concepts, Inc.*, 530 N.W.2d at 543 (stating that policy provisions should be read so as to give each other meaning). We believe that the intent of the policy is better served by reading the business ex-

clusion as precluding coverage for all rental activity undertaken for business purposes, as was Smith's. We therefore conclude that the business exclusion controlled Smith's conduct, that Smith was not entitled to invoke the private-garage exception to the rental exclusion, and that the damage to the pole barn that occurred while Smith was renting the barn for business purposes was not covered under Smith's homeowner's policy.

## DECISION

The district court erred by concluding that Smith was entitled to coverage under the private-garage exception to the policy's rental exclusion. Under the policy's controlling business-purposes exclusion, coverage for damage to the pole barn was precluded by Smith's undisclosed use of the barn for business purposes. State Farm is entitled to summary judgment.

**Reversed and remanded.**